IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF/RESPONDENT

VS.                              CASE NO. 5:14-cr-50070-TLB-MEF-1

JOSE MOLINA                                                          DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed August 15, 2016. (Doc. 28) The United States filed its response on September 16, 2016. (Doc. 34) Petitioner filed a reply on October 7, 2016. (Doc. 35) The matter is ready for Report and Recommendation.

**I. Background**

On November 19, 2014, Defendant/Petitioner, Jose Molina ("Molina"), was named in a two-count Indictment charging him with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count One), and with possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count Two). (Doc. 1) Molina was arrested on December 10, 2014 (Doc. 11), and he appeared for arraignment before the Hon. Erin L. Setser, United States Magistrate Judge, on December 11, 2014, at which time he entered a plea of not guilty to the Indictment. (Doc. 6) The Court appointed Joe Alfaro ("Alfaro"), Assistant Federal Public Defender, to represent Molina. (Docs. 6, 8) Molina waived the issue of detention, and he was ordered detained and remanded to the custody of the United States Marshal's Service. (Docs. 6, 9)

On February 6, 2015, Molina appeared with counsel before Judge Setser for a change of plea hearing. (Doc. 13) Pursuant to a written Plea Agreement, Molina pleaded guilty to Count Two of

the Indictment charging him with possession of methamphetamine with intent to distribute. (Docs. 13, 14) A Report and Recommendation that Molina's guilty plea be accepted and the Plea Agreement tentatively approved, subject to final approval at sentencing, was filed by Judge Setser on February 10, 2015. (Doc. 16) An Order adopting the Magistrate Judge's Report and Recommendation was entered by the Hon. Timothy L. Brooks, District Judge, on February 11, 2015. (Doc. 17)

An initial PSR was prepared by the United States Probation Office on April 13, 2015. (Doc. 18) The PSR determined that Molina was accountable for 94.2128 grams of actual methamphetamine, and his Base Offense Level was determined to be 30. (Doc. 18, ¶¶ 21, 24, 29) A two level enhancement was assessed pursuant to U.S.S.G. § 2D1.1(b)(1) due to Molina's possession of a dangerous weapon (firearm). (Doc. 18, ¶ 30) After a three level reduction for acceptance of responsibility, Molina's Total Offense Level was determined to be 29. (Doc. 18, ¶¶ 35-37) Molina's criminal history resulted in a criminal history score of 14, placing him in Criminal History Category VI. (Doc. 18, ¶¶ 52) The statutory maximum sentence for the offense of conviction was 20 years imprisonment. (Doc. 18, ¶ 76) Molina's advisory guideline range was 151 to 188 months imprisonment. (Doc. 18, ¶ 77)

On April 29, 2015, the Government made three objections to the initial PSR. (Doc. 20) These objections related to correcting a typographical error in paragraph 4 and correcting the quantity of methamphetamine discussed in paragraphs 7 and 8. The Probation Officer resolved these objections by making the requested corrections. (Doc. 21-1, p. 1) Molina made four objections to the initial PSR on April 29, 2015. (Doc. 19) His first objection related to the reported use of an alias name, "Hector Molina," and based on records from the Tulsa County District Court in Oklahoma

showing the use of such alias, the Probation Officer made no changes to the PSR. (Doc. 21-1, p. 2) Molina also objected to the quantity of methamphetamine referred to in paragraphs 7 and 8, and the Probation Officer made the requested corrections. (Doc. 21-1, p. 2) Molina's final objection requested a correction to paragraph 44 (regarding the facts involved in connection with a prior conviction), and the requested correction was made by the Probation Officer. (Doc. 21-1, p.2) Resolution of the objections made to the initial PSR did not result in any changes to Molina's offense level or advisory guidelines range, and a final PSR was submitted to the Court on May 8, 2015. (Doc. 21)

Molina appeared for sentencing on May 14, 2015. (Doc. 25) The Court made inquiry that Molina was satisfied with his counsel; granted the government's motion for a three-level downward departure; expressed final approval of the Plea Agreement; and, the Court imposed a below-guidelines sentence of 115 months imprisonment, three years supervised release, a $2,000.00 fine, and a $100.00 special assessment. (Doc. 25) Judgment was entered on May 15, 2015. (Doc. 26) Molina did not pursue a direct appeal from the Judgment.

On August 15, 2016, Molina filed his *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion"). (Doc. 28) The motion raises three grounds for relief, which can be summarized as follows: (1) ineffective assistance of counsel for failure to object, challenge, or preserve issues under *Johnson v. United States*, 135 S.Ct. 2551, 190 L.Ed.2d 718 (2015); (2) ineffective assistance of counsel for failure to file an appeal challenging Molina's prior convictions under *Johnson*; and, (3) that Molina's sentence violates due process because it was enhanced with prior convictions now invalidated by *Johnson*.

The United States' response to the motion was filed on September 16, 2016. (Doc. 34)

Molina filed a reply (Doc. 35) on October 7, 2016.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Molina's motion and the files and records of this case conclusively shows that Molina is not entitled to relief, and the undersigned recommends the denial and dismissal of his motion without an evidentiary hearing.

### A. Timeliness

The United States argues that Molina's motion should be dismissed as untimely. The undersigned concludes that the motion is untimely, and not only for the reason asserted by the Government.

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### 1. Timeliness Under *Johnson*

The United States perceives the operative date in this case as "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2255(f)(3). It argues that since *Johnson* was decided on June 26, 2015, any motion seeking relief under *Johnson* must be filed on or before June 26, 2016; and, since Molina waited until August 15, 2016 to file his motion, more than one year passed before the filing of the instant motion. The undersigned agrees. Even taking into account the "prison mailbox rule," which provides that "[a] paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing," *see* Rule 3(d), Rules Governing Section 2255 Proceedings, Molina's motion is untimely. Molina certified that he placed his motion in the prison mailing system on August 7, 2016, a date six weeks past the end of the one year limitation period after the *Johnson* decision.

### 2. Statutory Tolling is Not Applicable

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2) and (4).

Molina states that he is relying on 28 U.S.C. § 2255(f)(2) and (4) in his motion and in his reply. (Doc. 28, p. 11; Doc. 35, p. 2) Molina asserts the United States Marshal's Service "prevented [him] from working on his motion, thus prejudicing him in meeting the one-year limitations period." (*Id*.) In support of this assertion, Molina submits his affidavit (Doc. 29-3; Doc. 36), in which he avers: that following his sentencing he was transferred out of the Washington County Jail to the Transfer Center in Oklahoma City where he remained for approximately two months; that he was then transferred to the United States Penitentiary in Pollock, Louisiana for about six months "in the SHU unable to prepare any motion;" and, from there he was transferred to the United States Penitentiary in Atwater, California "where he immediately began working on his petition." (Doc. 29-3, p. 2; Doc. 36, p. 2)

The Court initially notes that *Johnson* was not decided until June 26, 2015, so approximately six weeks of the first two months Molina was at the Transfer Center in Oklahoma City would have been irrelevant to the one-year limitation period based on *Johnson*.

Molina then claims he was "unable to prepare any motion" because he was in the SHU at Pollock, Louisiana. His contention is undermined by BOP regulations for the operation of Special

Housing Units ("SHUs"). *See* 28 C.F.R. § 541.20, *et seq.* Inmates placed in SHUs are "securely separated from the general population, and may be housed either alone or with other inmates." 28 C.F.R. § 541.21. Inmates housed in SHUs are either in administrative detention status or disciplinary segregation status. 28 C.F.R. § 541.22. Even while housed in a SHU, the Warden shall provide such inmates "a means of access to legal materials, along with an opportunity to prepare legal documents," and the Warden "shall allow an inmate in segregation or detention a reasonable amount of personal legal materials." 28 C.F.R. § 543.11(j). Additionally, "[t]he Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet *an imminent court deadline*. 28 C.F.R. § 543.11(i) (emphasis added).

Considering the regulations mentioned just above, Molina's affidavit fails to adequately explain how he was prevented from working on his motion while housed in the SHU at Pollock. He states that his counsel "never sent [him] a copy of [his] case documents;" that he attempted to obtain his case documents; that "whatever little legal documents [he] had in his possession were taken by U. S. Marshals at the Washington County Jail;" and, in conclusory fashion, that he was "unable to prepare any motion." (Doc. 29-3, p. 2; Doc. 36, p. 2) He does not assert, however, that the Warden at Pollock denied him access to his legal materials and the opportunity to prepare legal documents. Nor does Molina state he requested that the Warden at Pollock allow him special time allowance for research and preparation of documents to meet an imminent court deadline, or that any such request was refused by the Warden. The undersigned finds Molina's affidavit insufficient to establish an impediment, created by governmental action in violation of the Constitution or laws of the United States, which prevented him from making a timely motion.

Moreover, Molina does not dispute that he was able to immediately begin working on his

motion upon his transfer to Atwater. Given the time frame Molina provided in his affidavit, this left Molina with approximately five and one-half months after the *Johnson* decision within which to prepare and timely file his motion.

For these reasons, the undersigned finds no basis for application of statutory tolling under 28 U.S.C. § 2255(f)(2) to extend the one year limitations period. Molina sets forth no allegations to support application of 28 U.S.C. § 2255(f)(4). Therefore, unless equitable tolling applies, the motion was not timely filed and should be dismissed.

### 3. Equitable Tolling is Not Applicable

The Eighth Circuit has held that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

For the same reasons that statutory tolling under 28 U.S.C. § 2255(f)(2) is inapplicable to this case, Molina has not alleged any extenuating circumstances beyond his control that would have prevented a timely filing. His conclusory allegation that he was "unable to prepare any motion" during the six months he was in the SHU at Pollock, Louisiana is insufficient to establish any factual basis to fit within the "exceedingly narrow window of relief" that equitable tolling provides, and his § 2255 motion should be dismissed.

### 4. *Johnson* is Not Applicable

A review of Molina's PSR (Doc. 21) shows that his advisory guidelines range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2). There is, therefore, no basis upon which Molina could seek to benefit from the Supreme Court's ruling in *Johnson*, and the actual operative date for the one year limitations period is the date on which Molina's judgment of conviction became final.

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on May 15, 2015. Had Molina wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Molina did not file an appeal, and his judgment of conviction thus became final on May 30, 2015. *See Murray v. United States*, 313 Fed. Appx. 924 (8th Cir. 2009). From that date, Molina had one year, or until May 30, 2016, to timely file his § 2255 habeas petition. Molina waited until August 15, 2016 to file the instant motion - two and one-half months after the limitations period expired. Because the motion has been filed beyond the one year period of limitation, the Court lacks jurisdiction to consider the merits of Molina's claims, and the motion should be summarily dismissed.

Timeliness is crucial to the consideration of a motion made under § 2255. *See, e.g., Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3 (W.D. Mo. Jan. 26, 2010) (unpublished), in which the Government's motion to dismiss petitioner's § 2255 motion was granted where the motion was filed *one day* out of time. "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines

somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if he had been indicted one day after the statute of limitations expired for his crimes." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Here, of course, we are not dealing with Molina just missing the limitations deadline by one day, but by a period of two and one-half months. Consequently, the motion was not timely filed and should be summarily dismissed.

### B. No Deficient Performance

Even if the Court were to consider Molina's claims of ineffective assistance counsel, they have no merit. Molina claims his counsel was ineffective in (1) failing to object, challenge, or preserve issues under *Johnson*, and (2) in failing to file an appeal challenging Molina's prior convictions under *Johnson*. (Doc. 28, pp. 4-5; Doc. 29, p. 3) These claims fail as Molina can show no constitutionally deficient performance by counsel.

To establish a violation of the Sixth Amendment right to effective assistance of counsel, Molina must show that his trial counsel's performance was deficient and that Molina suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L. Ed.2d 674 (1984). Judicial scrutiny of counsel's performance is "highly deferential," *id*. at 689, 104 S.Ct. 2052; the movant must show that counsel's performance fell "outside the wide range of professionally competent assistance" that is sufficient to satisfy the Sixth Amendment, *id*. at 690, 104 S.Ct. 2052.

"While the Constitution guarantees criminal defendants a competent attorney, it 'does not insure that defense counsel will recognize and raise every conceivable constitutional claim.'" *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005) (quoting *Engle v. Isaac*, 456 U.S. 107,

134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). It has been frequently held that counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts, and failure to raise a "novel argument" based on unsettled legal questions does not render counsel's performance constitutionally ineffective. *See Ragland v. United States*, 756 F.3d 597, 601 (8th Cir. 2014) ; *Allen v. United States*, 829 F.3d 965, 967 (8th Cir. 2016); *Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016); and, *Dansby v. Hobbs*, 766 F.3d 809, 836 (8th Cir. 2014).

The dispute in this case is focused on whether counsel should have known to challenge and preserve an argument under *Johnson*, then file an appeal challenging Molina's prior convictions under *Johnson*. As noted above, Molina's sentencing took place on May 14, 2015, approximately six weeks before the Supreme Court's June 26, 2015 decision in *Johnson* was announced. As the authorities cited above reflect, Molina's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Johnson* and raise a novel argument based on unsettled legal questions. Further, Molina does not even allege that he instructed his counsel to file an appeal, and his time to appeal expired nearly one month before *Johnson* was decided. There is, therefore, no reasonable basis to conclude that counsel's performance was deficient. Since Molina has failed to show that his counsel's performance was deficient regarding this issue, there is no need to address the second *Strickland* prong of prejudice. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if a movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

### C.  U.S.S.G. § 2D1.1(b)(1) Enhancement

Molina next alleges that his sentence violates due process because it was enhanced with priors now invalidated by *Johnson*. (Doc. 28, p. 6; Doc. 29, p. 4)  He argues that "in the wake of

*Johnson*, [he] does not have the qualifying convictions to enhance his sentence ..." (Doc. 29, p. 4) The argument has no merit.

As reported in the PSR (Doc. 21), Molina's advisory guidelines range did not include an enhancement under either the unconstitutional residual clause of the ACCA or the identically worded residual clause of the career offender guideline in U.S.S.G. § 4B1.2(a)(2). Instead, Molina's advisory guidelines calculation was enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) because a stolen Taurus, .38 special, containing five rounds of ammunition was found under the hood of the vehicle Molina was driving when he was observed dumping methamphetamine out of the driver's side window and attempting to elude officers. (Doc. 21, ¶¶ 16-19, 30) Molina made no objections to the facts contained in paragraphs 16 to 19 of the PSR, nor did he object to the two level enhancement under U.S.S.G. § 2D1.1(b)(1). "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant." *See United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)).

Unlike the ACCA at issue in *Johnson*, which involves whether a defendant's prior convictions are "violent felonies," the two level specific offense characteristic enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) concerns whether "a dangerous weapon (including a firearm) was possessed." The enhancement "reflects the increased danger of violence when drug traffickers possess weapons." U.S.S.G. § 2D1.1(b)(1), Application Note 11.

To prove that the firearm was "possessed," the Government need not prove ownership of either the weapon or the premises on which it is found for a § 2D1.1(b)(1) enhancement to apply. *See United States v. Payne,* 81 F.3d 759, 762 (8th Cir.1996); *see also United States v. Weaver,* 906 F.2d 359, 360 (8th Cir.1990). Also, "[i]t is not necessary that an individual be observed using the

weapon, and either actual or constructive possession is sufficient, i.e., the individual must have exercised 'ownership, dominion, or control' either over the firearm or the premises on which it is found." *Payne,* 81 F.3d at 762.  By not objecting to the facts set forth in the PSR regarding the firearm, Molina admitted that the loaded firearm, which was found in the vehicle he was driving as he dumped methamphetamine out of the window and tried to evade police in a dangerous chase, was in his legal possession.

Molina makes no specific argument regarding the § 2D1.1(b)(1) enhancement, only that "in the wake of *Johnson*, [he] does not have the qualifying convictions to enhance his sentence."  His argument has nothing to do with the propriety of the §2D1.1(b)(1) enhancement or the rule announced in *Johnson*, and the undersigned must conclude that *Johnson* is inapplicable to the instant case.

### D.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Molina has alleged virtually no facts to support his claims.  Accordingly, the undersigned recommends the summary dismissal of Molina's § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Molina's claims are unsupported by the record in this case.  I recommend that Molina's motion (Doc. 28) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of January, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE